**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| FB-Stark, L.L.C., | ) | |
| Plaintiff, | ) | No. CV-12-00095-PHX-PGR |
| vs. | ) | |
| Joseph White, et al., | ) | ORDER |
| Defendants. | ) | |

Having reviewed the plaintiff's Motion for Entry of Judgment (Doc. 14), the Court finds that the plaintiff is entitled to have a default judgment entered in its favor pursuant to Fed.R.Civ.P. 55(b)(2) inasmuch as the record establishes that defendants Joseph White and White Media Group LLC were properly served (Docs. 10 and 11) with the plaintiff's Amended Complaint and have failed to make any appearance in this action, that the Clerk of the Court properly entered default against them (Doc. 13), and that the principal amounts and interest owed to the plaintiff by the defendants on the parties' "Broadway" and "Van Buren" promissory notes at issue have been sufficiently supported.

The Court concludes, however, that it cannot award the plaintiff the full amount of its requested attorneys' fees. The plaintiff seeks $5,924.00 in

attorneys' fees and $724.01 in costs "pursuant to A.R.S. § 12-341 and 12-341.01 and the terms of the promissory notes[.]"  Both promissory notes contain an identical provision entitled "Collection Costs and Attorney's Fees" that state in relevant part: "I agree to pay all costs of collection, replevin or any other or similar cost if I am in default.  In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law.)"

A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees. Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir.2000).  Arizona law provides that the law chosen by the parties in their contract governs unless that law is contrary to the fundamental policy of a state with a materially greater interest in the issue. Landi v. Arkules, 835 P.2d 458, 462 (Ariz.App.1992).  Although inexplicably not raised by the plaintiff, the promissory notes at issue both state that "[t]he law of the state of Indiana will govern this note."  Indiana law recognizes the ability of parties to contractually shift the obligation to pay attorney's fees notwithstanding Indiana's adoption of the "American Rule" as its default rule on awarding attorney's fees. Stewart v. TT Commercial One, LLC, 911 N.E.2d 51, 58 (Ind.App.2009).  While the parties have agreed through the attorney's fee provision in the promissory notes that the defendants must pay "any fee" incurred by the plaintiff in collecting on the notes, Indiana courts "emphasize that even under a contract, an award of attorneys' fees must be reasonable." Bruno v. Well Fargo Bank, N.A., 850 N.E.2d 940, 951 (Ind.App. 2006).  Where, as here, the amount of the requested attorneys' fee is not inconsequential, the plaintiff must provide objective evidence of the nature of the legal services and the reasonableness of the fee. Posey v.

1    Lafayette Bank and Trust Co., 583 N.E.2d 149, 152 (Ind.App.1991).  The

2    determination of the reasonableness of the requested fee necessitates the

3    consideration of all relevant circumstances, Stewart, 911 N.E.2d at 58, which

4    include such factors as the hourly rate that is charged, the results achieved, and

5    the difficulty of the issues involved in the litigation. H & G Ortho, Inc. v.

6    Neodontics Internat'l, Inc., 823 N.E.2d 734, 737 (Ind.App.2005).  The trial court

7    has "wide discretion" in determining what a reasonable attorney's fee should be.

8    *Id.*

9        Having reviewed the materials submitted by the plaintiff related to the issue

10   of attorneys' fees, the Court cannot conclude that all of the attorneys' fees

11   requested are reasonable because the plaintiff's counsel did not exercise

12   sufficient billing judgment in certain respects.  First, the Court notes that the

13   attorney time sheets submitted by the plaintiff show that the senior attorney

14   assigned the case, law firm partner David McDowell, performed multiple tasks at

15   $275.00 per hour that could have, and should have, been done by the lesser-paid

16   employees who worked on this litigation, such as the two associate attorneys and

17   the paralegal assigned to the case.[1] *See e.g.*, New Mexico Citizens for Clean Air

----

[1] For example, the Court notes that McDowell charged his full rate for "preparing" various documents filed with the Court that a paralegal easily could have prepared, such as two form documents, the corporate disclosure statement and the civil cover sheet that accompanied the filing of the complaint (January 12, 2012), and the application for entry of default (February 22, 2012), and he charged his full rate to "study" documents that a paralegal could have been assigned to peruse, such as the Order Setting Scheduling Conference (January 23, 2012) and Clerk of the Court's one-sentence entry of default (February 24, 2012).

A senior associate assigned to the case, Michael Kuehn, also billed for work at his full rate of $250.00 that a paralegal could have performed, such as searching through UCC and county recorder filings (March 28, 2012).

1   and Water v. Espanola Mercantile Co., 72 F.3d 830, 835 (10th Cir.1996) ("[W]hen

2   a lawyer spends time on tasks that are easily delegable to non-professional

3   assistance, legal service rates are not applicable."); Ursic v. Bethlehem Mines,

4   719 F.2d 670, 677 (3rd Cir. 1983) ("Nor do we approve the wasteful use of highly

5   skilled and highly priced talent for matters easily delegable to non-professional or

6   less experienced associates. ... A Michelangelo should not charge Sistine Chapel

7   rates for painting a farmer's barn.")

8        Second, the time sheets show that McDowell spent excessive time

9   communicating with his client's two members.  While the Court understands the

10  need for a law firm to keep in close contact with a client, that does not mean that

11  the defendants should have to pay for the decision to assign that task almost

12  exclusively to a senior attorney.[2]

13       Third, the plaintiff is requesting that the defendants pay for its fees incurred

14

15  _____

16       The Court will decrease the billing for these tasks (.9 hours for McDowell
    and .6 hours for Kuehn) to the paralegal rate of $135.00, and will accordingly
17  decrease the requested fee award by $195.00.
         Kuehn also billed for attending a telephone conference with one of the
18  client's members that McDowell also billed his full rate for (January 25, 2012).
    Such double billing is not appropriate and the Court will decrease the requested
19  fee award by $75.00, the amount billed by Kuehn.

20

       [2]
21       For example, the Court notes that McDowell charged his full rate to
    communicate with, or to study communications from, the plaintiff's two members
22  some 42 times in the three month period this action was litigated.
         The fee request states that McDowell billed 11.4 hours for his part in
23  this litigation.  The Court will decrease the billing of four hours of McDowell's time
    to the senior associate rate of $250.00, and will accordingly decrease the
24  requested fee award by $100.00.

25

26

in complying with the Court's order (Doc. 7) that required the plaintiff to file an amended complaint because the original complaint, prepared by McDowell, failed to properly allege the basis of diversity of citizenship jurisdiction.  Given that the Court should not have had to instruct the plaintiff's senior counsel how to allege subject matter jurisdiction, a very basic task, the Court will not permit the plaintiff to pass the costs associated with the amended complaint on to the defendants.[3]

Based on the above, the Court concludes that a reasonable attorneys' fee for the services provided by the plaintiff's counsel is $5,122.50.

Because the defendants agreed in the promissory notes to pay the costs, including court costs, associated with the collection of the notes, and because the costs sought by the plaintiff are reasonable, the Court will award the plaintiff its requested costs of $724.01.  Therefore,

IT IS ORDERED that plaintiff FB-Stark, L.L.C.'s Motion for Entry of Judgment (Doc. 14) is granted and that Clerk of the Court shall enter judgment in favor of the plaintiff and against defendants Joseph White and White Media Group LLC pursuant to Fed.R.Civ.P. 55(b)(2) as follows:

(1) As to the "Broadway" promissory note, for the sum of $79,029.20, representing the principal amount of $63,269.00, plus $12,263.20 in interest and late fees as of May 16, 2012, and $3,597.00 for the loan exit fee, with interest to accrue at the contractual rate of 12% per annum on the principal balance of the note until paid in full;

(2) As to the "Van Buren" promissory note, for the sum of $42,708.32,

---

[3]

The Court will deduct $431.50 from the requested fee award for tasks related to the amended complaint taken by McDowell, Kuehn, and a paralegal. (January 18-20, 2012.)

representing the principal amount of $37,356.00, plus $5,352.32 in interest and late fees as of May 16, 2012, with interest to accrue at the contractual rate of 15% per annum on the principal balance of the note until paid in full; and

(3) For the sum of $5,846.51, representing $5,122.50 in attorneys' fees and $724.01 in costs.

DATED this 26th day of September, 2012.

Paul G. Rosenblatt
United States District Judge